UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Alian Aguila Aguila,

Petitioner

v.

Todd Blanche, et al.,

Respondents

Case No. 2:26-cv-02803-CDS-NJK

**Order Granting in Part Petitioner's Emergency Motion to Prohibit Removal and Granting Motion to Extend Time**

[ECF Nos. 8, 9]

This is a petition for writ of habeas corpus action brought by petitioner Alian Aguila-Aguila. On September 28, 2026, Aguila-Aguila filed an emergency motion seeking an order: (1) prohibiting his removal to a third country, (2) directing his return to the District of Nevada, and (3) compelling the respondents to produce documents related to his immigration records. Pet., ECF No. 8. The respondents filed a response, countering the petitioner's motion with a motion to dismiss for lack of jurisdiction. Opp'n, ECF No. 11. The court held a hearing on the emergency motion on October 6, 2026, during which I granted in part Aguila-Aguila's emergency motion. ECF No. 13. This written order follows.

## I. Background

Petitioner Alian Aguila-Aguila is a Cuban citizen, currently detained by Immigration and Customs Enforcement ("ICE"). Aguila-Aguila signed his petition for a writ of habeas corpus, challenging his detention on August 28, 2026. ECF No. 4 at 3. The petition was actually docketed on September 3, 2026. *Id.* Sometime between the petitioner's submission to the court and its docketing, he was transferred out of this district to El Paso, Texas for purposes of being removed. ECF Nos. 8, 11.

Addressing the jurisdictional issue first, this court has jurisdiction to decide Aguila-Aguila's habeas petition. The respondents argue that, because the petitioner is currently detained in Texas, this court no longer has jurisdiction over his petition. ECF No. 11 at 3. The court rejects this argument. Because the petitioner was physically present in the District of Nevada when he signed and filed his habeas petition, this court has jurisdiction. *See Ex parte Endo*, 323 U.S. 283, 286 (1944) (holding a district court acquires jurisdiction over a habeas petition when it's filed in the district where the petitioner is located and that the transfer of the petitioner to another facility outside of the district does not cause it to lose jurisdiction).

Further, there remains outstanding discovery that must be produced in order to determine whether Aguila-Aguila's scheduled deportation is lawful. So he is entitled to a stay of his removal until that determination can be made. And because he is entitled to that discovery, I grant Aguila-Aguila's motion to compel outstanding discovery. Specifically, Aguila-Aguila is currently waiting for the federal respondents to produce his transfer paperwork and audio recordings of two hearings.[1] *See* ECF No. 8 at 3. The respondents must produce any outstanding discovery requests to the petitioner's counsel on or before October 16, 2026. In the alternative, the federal respondents must certify by October 16 that, after a diligent search, they have determined that these records are not in their possession, custody, or control, or do not exist.

Finally, regarding the petitioner's request to be returned to the District of Nevada, the court denies that request at this time. Instead, the court orders the federal respondents to coordinate with El Paso ICE representatives and the petitioner's counsel to ensure that his counsel can communicate with her client. If such coordination is unsuccessful, the respondents must provide notice to the court no later than October 13, 2026. That notice must assert that good faith efforts were made to effectuate communication between Aguila-Aguila and his counsel. The court will take additional steps if coordination fails and when notice is provided.

---

[1] For this reason, the petitioner also moves to extend the deadline to file an amended petition. ECF No. 9. Having considered the matter on the record, the court grants the motion and extends the deadline. An amended petition is due by October 23, 2026.

## II. Conclusion

IT IS HEREBY ORDERED that the petitioner's emergency motion **[ECF No. 8] is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that the petitioner's motion to extend time **[ECF No. 9] is GRANTED**. An amended petition is due by October 23, 2026. The respondents must file a response by November 6, 2026. The petitioner will have until November 13, 2026, to file a reply.

IT IS FURTHER ORDERED that the respondents' motion to dismiss for lack of jurisdiction **[ECF No. 11] is DENIED**.

IT IS FURTHER ORDERED that the petitioner's motion to prohibit removal to a third country is GRANTED.

IT IS FURTHER ORDERED that the federal respondents must make coordinated efforts to effectuate the petitioner's legal representation as set forth in this order.

IT IS FURTHER ORDERED that the petitioner's motion to compel discovery is granted. The federal respondents must produce the petitioner's requested immigration documents as set forth in this order by October 16, 2026.

IT IS FUTHER ORDERED that the respondents must coordinate with El Paso ICE representatives and the petitioner's counsel to ensure that his counsel can communicate with her client. If such coordination is unsuccessful, the respondents must provide notice to the court no later than October 13, 2026.

Dated: October 7, 2026



Cristina D. Silva
United States District Judge